IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHN DAVID GUY NISHWITZ, | Cause No. CV 24-102-BLG-DLC |
| Plaintiff, | |
| vs. | ORDER |
| YELLOWSTONE COUNTY SHERIFF MIKE LINDER, ET AL., | |
| Defendants. | |

Plaintiff John David Guy Nishwitz filed a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights during his detention at the Yellowstone County Detention Facility ("YCDF"). (Doc. 1.) His Complaint was screened according to 28 U.S.C. § 1915 and determined to fail to state a claim. (Doc. 7.) Nishwitz was given the opportunity to amend. His Amended Complaint likewise fails to state a claim and will be dismissed. (Doc. 9.)

I.   **Screening Standard**

To proceed on the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

1

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

II.     **Analysis**

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

Nishwitz's Amended Complaint fails to correct the deficiencies of his original Complaint, identified in the Court's prior Order. (Doc. 7.) He fails to allege personal involvement by Defendant Linder, nor does he identify any specific action taken by any individual defendant, named or unnamed. Nishwitz was previously advised that, to state a claim, he must specifically identify which individual actors were involved in the deprivation of his rights and the specific

actions that were taken. (Doc. 7 at 4.) *See also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." (Internal quotation marks and alteration omitted.))

Nishwitz attempts, again, to state a conditions of confinement claim derived from the Eighth Amendment in the case of convicted inmates, *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994), or the Fourteenth Amendment for pretrial detainees, *see Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). (Doc. 9 at 7.) Fundamentally, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (internal quotation marks omitted).

Nishwitz was advised of the elements he must plead to state a conditions of confinement claim under either the Eighth or Fourteenth Amendment. The Court's Order pointed to caselaw that holds that double-celling is insufficient to state a claim of overcrowding and identified the types of facts that might state a claim. (Doc. 7 at 8 – 9.) Nonetheless, his Amended Complaint fails to state a claim for unconstitutional conditions of confinement.

Likewise, Nishwitz has failed to sufficiently elaborate his medical claims in order to state a claim, despite having been told what he needed to allege in order to do so. He continues to speak in generalities, but he states no facts as to exactly what his medical problem is, what care he needed, and who disregarded it when. He left the "Injuries" section of the Amended Complaint form blank. He fails to state a claim for lack of medical care.

### III.  Conclusion

The Court has considered whether Nishwitz's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). For the reasons stated above and in the Court's prior Order, Nishwitz's allegations are insufficient to state a claim. His Amended Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1.  This matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment.

2.  The Clerk of Court shall have the docket reflect that this dismissal counts as a strike against Nishwitz within the meaning of 28 U.S.C. § 1915.

3.  The Clerk of Court is directed to have the docket reflect that, pursuant to Fed. R. App. P. 24(a)(3)(A), any appeal of this decision would not be taken in good faith.  The record makes plain that Plaintiff's failure to state a claim is so

clear no reasonable person could suppose an appeal would have merit.

DATED this 16th day of September, 2024.

Dana L. Christensen, District Judge
United States District Court